## BOUND vs. BEACH and others.

SHERIFF:   *Fee for copy of writ, etc.*

Where delivery of a copy of any writ or other paper in an action is a neces-
sary part of the service thereof, the fact that plaintiff voluntarily fur-
nishes such copy does not affect the sheriff's right to demand the statu-
tory fee for making it, under section 1, ch. 133, R. S. 1858.

APPEAL from the Circuit Court for *Waushara* County.

The plaintiff delivered to the defendant *Beach*, for service,
a summons and complaint in an action brought by him against
several defendants residing and being in the county of which
*Beach* was sheriff.   At the same time the plaintiff furnished
*Beach* with the necessary number of printed copies of the
summons and complaint, and he used such copies in making
the service.   *Beach* exacted of the plaintiff the statutory fees
for making such copies, which the plaintiff paid under pro-
test.   This action was brought on the bond of the sheriff,
against him and his sureties therein, to recover treble dam-
ages under the statute (R. S., ch. 133, sec. 66) for the taking
of such alleged illegal fees.

The bond is set out, and the above facts are alleged in the
complaint.   The defendants demurred to the complaint on the
ground that it fails to state a cause of action.   The plaintiff
appealed from an order sustaining the demurrer.

The cause was submitted on the brief of *Henry Hayden* for
the appellant, and that of *R. L. D. Potter* for the respondent.

LYON, J.   We think the demurrer was properly sustained.
The statute provides that the sheriff shall be entitled to a fee
of ten cents per folio for " making a copy of any bond or under-
taking, summons, writ, complaint or other paper served or
taken, when required by law or demanded by a party."   R. S.
1858, ch. 133, sec. 1.   We think this provision extends to
every case in which delivery of a copy is a necessary part of

the service. The sheriff is responsible for the accuracy of the copy served, and must necessarily verify it by comparison with the original before he can safely serve it; and the fee given by the statute is, doubtless, in part to indemnify him for such responsibility. It is quite immaterial where or how he obtains the copy which he serves. If he writes it himself, he *makes* it. So also if he employs a clerk to write it, or a printer to print it. And if some other person writes or prints it for him voluntarily (as in this case), if the sheriff uses the copy thus furnished, we think he *makes* the copy within the meaning of the statute, and may lawfully demand and receive the prescribed statutory fees therefor. If the party requiring the service would avoid the payment of such fees by furnishing the necessary copies, he should specially contract with the sheriff to that effect. In this case, in the absence of any agreement on the subject (and none is alleged in the complaint), the fact that the plaintiff voluntarily furnished the necessary copies of the summons and complaint for service does not interfere with the right of the sheriff to demand and receive the statutory fees for making such copies.

*By the Court.* — The order sustaining the demurrer to the complaint is affirmed.